**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01242-STV

JOSHUA ORTUA OLVINA,

     Petitioner,

v.

GEORGE VALDEZ;
JUAN BALTAZAR;
MARKWAYNE MULLIN; and
PAMELA BONDI,

     Respondents.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

     This matter is before the Court on Petitioner Joshua Ortua Olvina's Petition for Writ of Habeas Corpus (the "Petition") [#1].  The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#7]  In his Petition, Mr. Olvina seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention in Department of Homeland Security ("DHS") custody. [#1]  Mr. Olvina seeks a writ ordering Respondents to immediately release him or, in the alternative, ordering that Respondents provide Mr. Olvina with a bond hearing at which the government bears the burden of proof by clear and convincing evidence.  [*Id.*]  The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition.

As Respondents note, the central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention under 8 U.S.C. § 1225(b) or whether such a noncitizen is entitled to seek a bond hearing under 8 U.S.C. § 1226(a).  Respondents concede, with appreciated candor, that this same legal question has already been addressed by this Court.  [#8 at 1 (citing *Inestroza Paguada v. Choate*, No. 25-cv-03970-STV, 2026 WL 621282 (D. Colo. Mar. 5, 2026)]  Indeed, this same legal question has been addressed by this District and this Court on numerous occasions over the past several months.  *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313 (D. Colo. Feb. 24, 2026); *Chavez Armenta v. Noem*, No. 26-cv-00236-PAB, 2026 WL 274634 (D. Colo. Feb. 3, 2026); *Tumax Caniz v. Warden*, No. 25-cv-03969-NRN, 2026 WL 820813 (D. Colo. Mar. 25, 2026); *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025).  All these courts have held that an individual who has been living in the United States for many years is not "seeking admission" such that their detention is mandatory under Section 1225.  Petitioner here presents an analogous fact pattern.  He entered the United States in 2000 and was living with his family in the United States prior to his detention.  [#1 at ¶¶ 23-24]  In such a case, Petitioner is entitled to a bond hearing under Section 1226(a) for the reasons articulated in the many analogous orders that have been produced by this District.  *See, e.g.*, *Guevara Garcia v. Baltasar*, No. 1:26-cv-01012-SKC, 2026 WL 835766, at *3 (D. Colo. Mar. 26, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *3 (D. Colo. Feb. 17, 2026).

Mr. Olvina also requests that the Government "bear[] the burden of proof by clear and convincing evidence" that Mr. Olvina's continued detention is necessary to prevent flight or danger to the community. [#1 at ¶ 71] Section 1226 is silent as to who bears the burden of proving a noncitizen's eligibility for bond. However, courts have found "that, under normal circumstances, the burden is on the non-citizen to demonstrate that their 'release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1242 (D.N.M. 2025) (citing 8 C.F.R. § 236.1(c)(8)). These same courts have found, however, that unlawful detainment in violation of a petitioner's constitutional rights are not "normal circumstances." *Id.* In analogous cases to this one, the great weight of authority in this District has thus found that the burden of proof should rest with the government to prove that Petitioner is at risk of flight and/or a danger to the community such that continued detention is necessary. *Id.* at 1245; *see also Diaz v. Noem*, No. 26-cv-00882-NYW, 2026 WL 806716, at *4 (D. Colo. Mar. 24, 2026) (concluding that the government bears the burden of proof at a Section 1226(a) bond hearing where a petitioner is initially erroneously detained under Section 1225); *Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026) (same); *Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (finding it clear that the weight of authority in this District requires that the Government bear the burden of justifying a noncitizen's continued detention at a bond hearing); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840, *4 n.3 (D. Colo. Oct. 31, 2025) (holding that the burden rests with the government of justifying a noncitizen's continued detention); *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025)

(same); *Loa Caballero v. Baltazar*, No. 25-cv-3120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) (same).  And the Court agrees with those Courts that have set the burden at clear and convincing evidence.  *See*, *e.g.*, *Velasquez Salazar*, 806 F. Supp. 3d at 1245; *Abanil*, 2026 WL 100587, at *8.  For the reasons that have been articulated in these and numerous similar cases, the Court therefore finds that the Government shall bear the burden of proof by clear and convincing evidence at Petitioner's bond hearing.

Finally, Petitioner requests an order "precluding Respondents from invoking the automatic stay of any bond order relating to the immigration judge's order."  [#1 at ¶ 72] However, Petitioner presents no legal authority for the Court to pre-emptively enjoin Respondents from invoking the automatic stay provision before they have ever attempted to do so.  While many courts have concluded that invocation of the automatic stay provision violates a petitioner's rights when presented with fact patterns in which the automatic stay provision was invoked, *see, e.g.*, *Merchan-Pacheo v. Noem*, No. 1:25-cv-03860-SBP, 2026 WL 88526, at *16 (D. Colo. Jan. 12, 2026), these findings do not permit the Court to enjoin Respondents from invoking the provision before they ever indicate an intent to invoke it.  Indeed, courts that have determined a petitioner's rights were violated by the automatic stay provision engage first in extensive analysis of the facts of the case and the petitioner's detention.  *Id.* at *14-16.  Because Petitioner has not been continuously detained pursuant to the automatic stay provision of 8 C.F.R. § 1003.19(i), the Court is unable to engage in such an analysis here.  Accordingly, the Court does not find it appropriate to enjoin Respondents from invoking the 8 C.F.R. § 1003.19(i) automatic stay provision at this time.

**IV.     CONCLUSION**

For the foregoing reasons, it is **ORDERED**:

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **GRANTED** to the extent it seeks a bond hearing;[1]

(2) Respondents shall provide Petitioner with a bond hearing in which the Government bears the burden of proof by clear and convincing evidence under 8 U.S.C. § 1226(a) within **SEVEN DAYS** of the date of this Court's Order;

(3) Respondents shall file a status report within **TEN DAYS** of the date of this Court's order to certify compliance.  The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial; and

(4) Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order.

DATED:  April 7, 2026                                    BY THE COURT:


                                                                s/Scott T. Varholak
                                                                United States Magistrate Judge

---

[1] To the extent Petitioner seeks an award of attorney's fees, he may file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.